C. P. HEARTWELL, guardian, plaintiff in error, *vs.* EU-BANKS TOMPKINS *et al.*, defendants in error.

Where, in an arbitration between the guardian of a minor legatee and the executor of an estate, it was decreed that all the notes of the estate should be turned over to the minor as her property:

*Held,* That in a pending suit on one of the said notes, proof of this award excused the filing of the affidavit required by the Act of October 13, 1870, and this is not met by proof that there are outstanding debts against the estate.

Relief Act of 1870.    Tax affidavit.    Minor.    Before Judge STROZIER.    Dougherty Superior Court.    January Term, 1872.

C. P. Heartwell, as guardian of Dollie Tarver, a minor, brought complaint against Eubanks Tompkins, James H. Hill and Benjamin R. Smith, on a note made January 1st, 1860, payable twelve months after date " to H. A. Tarver, executor of C. C. Tarver, executor or bearer," for the sum of $1,049.

Plaintiff introduced the following evidence, to-wit:

1st. The note sued on.

2d. C. P. Heartwell, who testified as follows, to-wit: That the note sued on is the property of Dollie Tarver, a minor; that in 1863, he, in right of his wife, had a settlement with H. A. Tarver, and received from him one-third of the estate of Paul Tarver, deceased, to which she was entitled, under his will; that the remaining two-thirds of the estate, including the note sued on, fell to the share of Dollie Tarver; that there are some outstanding debts against said estate in execution.

Heartwell *vs.* Tompkins *et al.*

3d. An award made June 23d, 1870, on a case between H. A. Tarver, executor, and C. P. Heartwell, as guardian for Dollie Tarver, a minor, showing that the note sued on, and all other notes of said estate in the hands of said executor, were awarded to said Dollie Tarver, and fully ratifying the settlement made in 1863.

Plaintiff closed. Defendants moved to dismiss the case, upon the ground that there had been no proof of the payment of taxes on the note sued on. The motion was sustained by the Court and the case dismissed.

Plaintiff excepted and assigns said ruling as error.

VASON & DAVIS; R. F. LYON, for plaintiff in error.

WRIGHT & WARREN, for defendant.

McCAY, Judge.

The 14th section of the Act of October 13th, 1870, expressly excepts from its operation debts due to minors. The proof in this case was conclusive that this note was the property of Dollie Tarver, a minor, and that it had been hers before the Act of October, 1870, was passed. It can make no difference how she obtained it, or whether the former owner of it had complied with the law. If the debt be due to a minor, the affidavit is not required. That there are still debts due by the estate from which the note came to her cannot change the fact that the note is hers, and is due to her. The holders of the debts may have a right to sue the executor for a *devastavit*, and, perhaps, to go on the distributees or legatees for their debts, but the title to the note passed to her, when it was, by the final decree, declared to be hers, and, as it was in the hands of her testamentary guardian, her title to it was complete.

Judgment reversed.